UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00421-FDW

| MOISES PUENTE, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| RANDY SODERSTROM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

I. **BACKGROUND**

Pro Se Plaintiff Moises Puente ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Columbus Correctional Institution in Whiteville, North Carolina. Plaintiff filed a Complaint on August 27, 2019 pursuant to 42 U.S.C. § 1983, naming Randy Soderstrom and Kavita Sadana as Defendants. [Doc. 1]. Defendants reside in Laguna Hills, California. [Id. at 1-2]. Plaintiff alleges that he was charged with first degree murder, first degree robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. [Id. at 7]. Plaintiff alleges that he hired Defendants, through their company Legal Insights, Inc., to represent him on his post-conviction challenges. Plaintiff paid Defendants $10,000.00 for their services. [Id.]. Shortly thereafter, he received a letter from the California State Bar advising Plaintiff that Defendant Soderstrom was operating a law practice without a license to practice law and that the California State Bar was in possession of Plaintiff's file. [Id.]. Plaintiff claims that Defendant Soderstrom committed professional misconduct by posing as an attorney without a

1

license and obtained payment by Plaintiff through false pretenses. [Id. at 2]. As for Defendant Sadana, Plaintiff claims that she conspired with Defendant Soderstrom to obtain money from Plaintiff for legal services that were not rendered. [Id.].

For injuries, Plaintiff claims that he and his family have suffered mentally and financially as a result of Defendants' conduct. [Id. at 3].

For relief, Plaintiff seeks monetary damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.     DISCUSSION**

Plaintiff has not stated a claim cognizable under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Defendants here did not act under color of state law. Soderstrom, as a private individual running a business in California, albeit an apparently fraudulent one, did not act under color of state law in his dealings with Plaintiff. Further, as to Defendant Sadana, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). Further, Plaintiff has not alleged the deprivation of any law secured by the Constitution or the laws of the United States.

Plaintiff, therefore, has failed to state a claim cognizable under 42 U.S.C. § 1983. Because Amendment of Plaintiff's Complaint would be futile, the Court will dismiss Plaintiff's action with prejudice. This dismissal does not preclude Plaintiff from seeking relief against these Defendants in state court.

**IV.     CONCLUSION**

For the reasons stated herein, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint will, therefore, be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

2. The Clerk is directed to terminate this action.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge